UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD JEAN-GUERRIER, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:13-CV-1199 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM**

This matter is before the court upon the motion of Reginald Jean-Guerrier to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response in opposition.

## I. Background

On August 25, 2010, Movant was arrested after Missouri law enforcement officers found approximately 1000 pounds of marijuana in the tractor-trailer in which he was a passenger. Movant had been traveling from Arizona to New York with Leon Fraser, the driver of the truck. Following a jury trial, Movant was found guilty of possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to a 97-month term of imprisonment.[1] The judgment was affirmed on appeal. *United States v. Jean-Guerrier*, 666 F.3d 1087 (8th Cir. 2012).

## II. Discussion

### A. Procedural Bar

---

[1] The sentence of imprisonment was later reduced to 78 months pursuant to a retroactive amendment to the United States Sentencing Guidelines.

In Ground Five of the motion, Movant asserts that his conviction and sentence violated his rights to free speech, to be free of unreasonable search and seizure, to due process, to representation by counsel, to a jury trial, to confront witnesses, to present a defense, to compulsory process, and to be free from cruel and unusual punishment. No facts are presented in support of these assertions. Elsewhere in the motion, Movant challenges the Court's admission of Fraser's trial testimony under Fed. R. Evid. 404(b), the Court's application of the sentencing guidelines, and its consideration of 18 U.S.C. § 3553(a) factors in determining the sentence. [Doc. # 1, pp. 17-18].

Movant challenged the admission of Fraser's testimony on direct appeal and the issue was decided adversely to him. *Jean-Guerrier, 666 F.3d at 1093*. As such, he cannot re-litigate the claim here. *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *United States v. Holtzen, 718 F2d 876, 878 (8th Cir. 1983)*. Movant did not raise the claims he now asserts in Ground Five or his claims of sentencing error on direct appeal, although he could have done so. Consequently, these claims are procedurally defaulted. *See Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012) ("[A] petitioner may not raise an issue before the district court for the first time in a § 2255 motion if the issue was not presented on direct appeal from the conviction."). When a movant "has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the [movant] can first demonstrated either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States, 523 U.S. 614, 622 (1998)* (internal citations omitted). In this case, Movant makes no showing of cause or prejudice. Further, his bare claim of innocence does not satisfy the "strict standard" of actual innocence. *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir.2002) ("Actual

innocence is a strict standard that generally cannot be met 'where the evidence is sufficient to support a conviction on the charged offense.'")(internal quotation marks and citation omitted). Therefore, the Court will not review the procedurally defaulted claims.

### B. Ineffective Assistance of Counsel

Movant's remaining claims are that he was denied effective assistance of counsel, in violation of the Sixth Amendment. To prevail on an ineffective assistance claim, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. *Id.* at 689. In *Strickland*, the Court described the standard for determining an ineffective assistance claim:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland, 466 U.S. at 690*.

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id. at 694*. The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. *United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)*.

### **Ground One**

Movant's first ineffective assistance claim is that his attorney allowed him to testify at trial without advising him of the possibility that his testimony could be impeached or that his sentencing guideline range could be increased by an obstruction of justice enhancement if he were convicted.

During the government's case in chief, a law enforcement officer who had interviewed Movant after his arrest testified that he did not recall that Movant spoke with an accent. During his trial testimony, Movant spoke with a pronounced Haitian accent. As rebuttal evidence, the prosecution presented the testimony of a court security officer who had twice overheard Movant speaking without an accent during trial recesses. At sentencing, the Court found that Movant committed perjury when he testified about his reason for being in the truck and his lack of knowledge of the marijuana. Overruling defense counsel's objection, the Court applied a two-level upward adjustment for obstruction of justice in calculating Movant's total offense level. *See U.S.S.G. § 3C1.1 (2010)*; *United States v. Reginald Jean-Guerrier*, No. *4:10-CR-00492 (E.D. Mo.), Sent'g Tran., pp. 742-743* [Doc. # 142].

Movant does not identify the evidence that was used to impeach him. Assuming that it was the testimony concerning his lack of an accent, Movant's claim is unavailing. Movant was present in the courtroom during the government's case in

chief and was aware, before he testified, that the prosecution was casting doubt on the veracity of his accent. Further, because the court security officer's testimony did not become known until after Movant testified, it would have been impossible for defense counsel to warn Movant about it.

The Court finds that the second part of Movant's claim is wholly without merit. Assuming defense counsel failed to warn Movant of the possibility of an obstruction enhancement, Movant cannot demonstrate that he was prejudiced as a result. Indeed, in order to show prejudice, Movant would have to contend that he would have given truthful testimony but for his attorney's failure to warn him of the adverse consequences of lying.

For these reasons, the Court concludes that Movant is not entitled to relief on Ground One.

### **Ground Two**

Movant's second claim is that he was denied effective assistance of counsel as a result of his attorney's failure to preserve an objection to Fraser's testimony that was offered under Rule 404(b). As a result, Movant argues that he was prejudiced by the appellate court's "plain error" review of the admission of the evidence. *See Jean-Guerrier*, 666 F.3d at 1093 (admission of Fraser's testimony about previous trips transporting marijuana that he had taken without Movant reviewed for plain error, because defense counsel objected only to Fraser's testimony about trips he took with Movant).

Noting that Rule 404(b) prohibits the use of evidence of a defendant's prior bad acts, the court of appeals ruled that Fraser's testimony about earlier trips he had taken *without* Movant did not "fall within the ambit of Rule 404(b) *because it was not evidence of Jean-Guerrier's past acts*." *Id.* (emphasis added). The court of appeals further ruled that the evidence "was less prejudicial than the properly admitted Rule

404(b) evidence regarding the past trip Jean-Guerrier had made with Fraser," and was relevant under Rule 401 and was not prohibited by Rule 403. *Id*. Ultimately, the appellate court held that admission of Fraser's testimony was not error.

To satisfy the prejudice prong of *Strickland* in this context, Movant must do more than show that the appellate court would have applied a more favorable standard of review had counsel properly preserved the issue. Rather, he must demonstrate that, but for counsel's errors, the result of his direct appeal would have been favorable. *Williams v*. *Kemna*, 311 F.3d 895, 898 (8th Cir. 2002). Given the appellate court's analysis, it is unlikely that a different conclusion would have been reached had the issue been reviewed under an abuse of discretion standard. Movant has made no attempt to show otherwise, and he is not entitled to relief on Ground Two.

### Ground Three

In Ground Three, Movant asserts that defense counsel's failure to negotiate a favorable plea agreement constituted ineffective assistance. According to Movant, defense counsel never told him about any plea offers made by the government and did not attempt to secure a plea agreement. Movant argues that, but for counsel's omissions, "there is a reasonable probability that counsel could have obtained a favorable plea agreement" and that movant's sentence would not have been enhanced by the obstruction of justice guideline and he would have received credit for acceptance of responsibility. *Mot'n to Vacate, pp. 16-17 [Doc. # 1]*. In response, the government submits the affidavit of defense counsel who states that Movant consistently maintained his innocence and that he was informed of and rejected a plea offer that would have resulted in a 48-month term of imprisonment. Defense counsel further states that he specifically advised Movant of the possibility of

an obstruction of justice enhancement if he testified and were found guilty. *Resp. to Show Cause Order [Doc. #12-1]*.

In *Missouri v. Frye, 132 S.Ct. 1399 (2012)*, the Supreme Court held that defense counsel has the duty to inform the defendant of formal plea offers from the prosecution and that failure to do so may constitute deficient performance under *Strickland*. *Id. at 1408*. Here, the parties dispute whether the plea offer was communicated to Movant. However, Movant's record of obstructing justice by giving false testimony undermines his credibility. Moreover, there is an obvious inconsistency between Movant's trial testimony proclaiming his innocence at trial and his current claim that he would have pled guilty if he had known of the plea offer. In order to accept this claim, one would have to conclude that Movant was prepared to lie under oath about his guilt in a guilty plea proceeding.

Apart from his own unreliable statements, Movant can point to no evidence supporting his claim that he was not told about the plea offer. Movant is not entitled to relief on Ground Three.

### **Ground Four**

In Ground Four, Movant asserts substantive claims of error in the admission of evidence, the instructions given to the jury, the imposition of sentence, and alleged government interference with a witness. *Mot'n to Vacate-Statement of Claim paragraphs 42-48, 51, 52, 58, 61 and 63 [Doc. # 1]*. These claims could have been presented in Movant's direct appeal but were not. Because Movant makes no showing of cause or prejudice, these claims are procedurally barred and will not be considered.

Movant also asserts additional claims of ineffective assistance of counsel. As discussed above, an ineffective assistance claim requires a showing of deficient

performance and resulting prejudice. With respect to a number of the allegations in Ground Four, Movant provides no factual support nor does he show that he was prejudiced. Thus, while Movant alleges that defense counsel failed to call witnesses to impeach Fraser's testimony and to corroborate Movant's testimony, he fails to identify these purported witnesses or what their testimony would have been. *Id. at paragraphs 49 and 50*. Likewise, Movant alleges that defense counsel failed to adequately prepare for trial and failed to conduct adequate cross-examination of the government's witnesses, yet he doesn't specify the additional preparation that counsel should have done or the additional questions counsel should have asked. *Id. at paragraph 50.* The allegations asserted in paragraphs 55 (failure to object to jury instruction), 56 (failure to renew objection to witness Bates's testimony), 57 (failure to impeach Fraser's testimony), and 59 (failure to "concentrate" on Fraser's testimony) also are unsupported. Further, Movant fails to demonstrate that but for counsel's alleged errors the outcome of the trial would have been different.

In paragraphs 53, 54, and 65, Movant complains of defense counsel's failure to challenge the drug quantity determination at sentencing. This allegation is belied by the record which shows that defense counsel did file objections to the drug quantity. *United States v. Jean-Guerrier*, No. 4:10-CR-492 [Doc. # 123]. The record also squarely contradicts Movant's allegation that defense counsel refused to file a pretrial motion to suppress as instructed. Prior to trial, Movant stated in open court that he understood his right to file pretrial motions and that he wished to waive that right. *Id.* [Doc. # 50].

In paragraph 60, Movant alleges that defense counsel violated the attorney-client privilege by disclosing the existence of a laptop computer to the prosecution. The government responds that the laptop was discovered in the search

of the truck that was conducted at the time of Movant's arrest. Movant admits that the laptop was not used in evidence against him. Even if the alleged disclosure was made by defense counsel, Movant did not suffer any prejudice.

In paragraph 61, Movant alleges that defense counsel failed to present evidence establishing that he was in Key West during the week of August 6, 2010 when Fraser claimed to have seen him in New York. The record shows that defense counsel attempted to cast doubt on Fraser's testimony by raising this issue during cross-examination. *Trial Trans., pp. 249-252.* Further, on direct examination defense counsel presented the alibi evidence by questioning Movant about being in Key West at the relevant time. *Id. at pp. 440*-441. While defense counsel did not offer into evidence Movant's airline ticket receipt, doing so would not have explained Movant's presence in the truck with 100 kilograms of marijuana on August 25, 2010. Movant cannot demonstrate a reasonable probability that, but for counsel's omission of the documentary evidence, the outcome of the case would have been different.

In paragraph 62, Movant claims that defense counsel failed to inform the Court that Miles Franklin, a potential defense witness, had been threatened with prosecution by the government. Movant does not describe the testimony Franklin would have given, but for the "scare tactics" allegedly employed by the government. *Mot'n to Vacate, p. 21 [Doc. # 1].* Movant acknowledges that Fraser had told the government that Franklin had participated in transporting drugs. Under those circumstances, it would have been appropriate for the government to inform Franklin that he had been implicated in a crime. Because Movant does not state specifically what Franklin was told, it is impossible to determine whether the government engaged in improper conduct that defense counsel should have reported to the Court. Movant has not shown that he is entitled to relief on this claim.

Finally, Movant claims that the "individual errors and the multiplicity of errors by counsel" resulted in a deprivation of his right to effective assistance of counsel. *Id.* at p. 22. Movant's claim of cumulative impact cannot be sustained because, for the reasons set forth above, his individual claims of ineffective assistance lack merit.

### C. Discovery and Appointment of Counsel

Discovery may be conducted in § 2255 proceedings if there is "good cause." *Rule 6(a), Rules Governing Section 2255 Proceedings*. In this case, the Court finds that the depositions requested by Movant are unnecessary, as many of his claims are either procedurally barred or contradicted by the record and because there has been no showing of prejudice with respect to the remaining claims. Also, for those same reasons and because there will be no hearing, it is unnecessary to appoint counsel for Movant. *See Rule 8(c), Rules Governing 2255 Proceedings ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.")*

### III. Conclusion

For the reasons discussed above, the Court concludes that motion and the files and records of this case conclusively show that Movant is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts his motion to vacate. Therefore, the motion will be denied without a hearing. *See* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the court finds that Movant has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of July, 2016.